IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. _13-cr-30200-MJR_ |
| | ) | |
| HARRY ADAM HALTER, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

The attorney for the Government and the attorney for the Defendant have engaged in discussions and have reached an agreement pursuant to Federal Rule of Criminal Procedure 11. As a result of the Plea Agreement, the Defendant intends to plead guilty in this case.

**I.**

1. By pleading guilty, the Defendant fully understands that Defendant is waiving the following rights: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence; and the right to compel the attendance of witnesses.

1

2. The Defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The Defendant's counsel has explained these rights and the consequences of the waiver of these rights. The Defendant fully understands that, as a result of the guilty plea, no trial will occur and that the only action remaining to be taken in this case is the imposition of the sentence.

3. Defendant agrees that the Plea Agreement and Stipulation of Facts constitute the entire agreement between Defendant and the United States and that no oral promises, inducements, representations, or threats were made to induce Defendant to enter into the Plea Agreement and Stipulation of Facts.

4. It is further understood that the Plea Agreement is limited to the Southern District of Illinois, and cannot bind other federal, state or local prosecuting authorities. It is further understood that the Plea Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving Defendant.

5. Defendant understands that pursuant to Title 18, United States Code, Section 3013, the Court will assess a "Special Assessment" of $100 per felony count. Defendant agrees that the full amount of the special assessment will be paid prior to or at the time of sentencing.

6. Defendant understands that the Court will impose a term of "supervised release" to follow incarceration. *See* 18 U.S.C. § 3583; U.S.S.G. § 5D1.1.

7. Defendant understands that the Court may impose a fine, costs of incarceration, and costs of supervision. The estimated costs of such incarceration or community confinement

or supervision, pursuant to an advisory notice from the Administrative Office of the United States Courts pertaining to the fiscal year 2011, are, for imprisonment: $2,407.78 per month; for community confinement: $2,180.27 per month; and for supervision: $286.11 per month. The Defendant will cooperate fully with the United States Probation Office in its collection of information and preparation of the Presentence Report. Said cooperation will include signing all releases, as requested. The Defendant agrees that any Probation Officer may share any and all financial information with the United States Attorney's Office and the Defendant waives any rights Defendant may have under the Right to Financial Privacy Act. The Defendant agrees to make complete financial disclosure by truthfully filling out, at the request of the United States Attorney's Office, a Financial Statement (OMB-500).

8. Defendant understands that Defendant is pleading guilty to a felony punishable by a term of imprisonment exceeding one year. Therefore, no matter what sentence the Court imposes (whether probation or any term of imprisonment), Defendant will be forbidden by federal firearms laws from possessing any type of firearm in Defendant's lifetime, unless Defendant obtains relief pursuant to 18 U.S.C. § 925, or other appropriate federal statute.

9. The Defendant understands and agrees that if Defendant commits any offense in violation of federal, state, or local law, or violates any condition of release, or violates any term or condition of the Plea Agreement, the Government is not bound by the provisions herein and may request that the Court impose on the Defendant any penalty allowable by law, including the filing of additional charges or sentencing enhancement notices, in addition to any sanctions that may be imposed for violation of the Court's order setting the conditions of release. No action

taken or recommendation made by the Government pursuant to this paragraph shall be grounds for the Defendant to withdraw the plea of guilty.

10. The Defendant has read the Plea Agreement and has discussed it with defense counsel, understands it, and agrees to be bound by it.

## II.

1. The Defendant will enter a plea of guilty to the Information, which charges violations of the following statutes(s), which carry the following penalties:

| Count | Statute | Statutory Penalties |
|---|---|---|
| 1 | Wire Fraud<br>18 USC § 1343 | **Imprisonment:** NMT 20 years imprisonment<br>**Fine:** NMT $250,000, or both<br>**Supervised Release:** up to 3 years<br>**Special Assessment:** $100 per count |
| 2 | Tax Evasion<br>26 USC § 7201 | **Imprisonment:** NMT 5 years imprisonment<br>**Fine:** NMT $100,000<br>**Supervised Release:** up to 3 years<br>**Special Assessment:** $100 per count |

2. The Government and the Defendant agree that the following constitute the essential elements of the offenses, and Defendant admits that Defendant's conduct violated these essential elements of the offenses:

4

| Count | Statute | Elements |
|-------|---------|----------|
| 1 | Wire Fraud | 1. The defendant knowingly devised or participated in a scheme to defraud, as described in the indictment; and<br><br>2. The defendant did so knowingly and with the intent to defraud; and<br><br>3. That for the purpose of carrying out the scheme or attempting to do so, the defendant caused interstate wire communications to take place. |
| 2 | Tax Evasion | 1. On April 15 [or date of a legal extension] of the year following the tax year, federal income tax was due and owing by the defendant;<br><br>2. The defendant intended to evade or defeat the ascertainment, assessment, computation or payment of the tax; and<br><br>3. The defendant willfully did some act in furtherance of the intent to evade tax or payment of the tax. |

3. The Government and Defendant submit that under the Sentencing Guidelines, after all factors have been considered, Defendant will have an Offense Level of Eighteen (18) and a Criminal History Category of I, where the sentencing range is 27-33 months imprisonment. The parties further submit to the Court that the Defendant's fine range will be $6,000 to $60,000 according to U.S.S.G. § 5E1.2. For two (2) counts of conviction the Special Assessment will total $200. The Government and Defendant agree that this submission is not intended to be binding on the Court, and that the Court ultimately will determine the guideline range after receiving the Presentence Report and giving both parties the opportunity to comment thereon. The Defendant expressly recognizes that, regardless of the Guideline range found or the sentence imposed by the Court, Defendant will not be permitted to withdraw Defendant's plea of guilty. The Government and the Defendant agree that the offense level and the criminal history category

5

calculations submitted by the parties herein constitute the parties' good faith efforts to inform the Court of their beliefs as to the applicable Guideline sentencing range and acknowledge that it is the Court that is ultimately responsible for determining the applicable Guideline range and determining the sentence that will be imposed. **The parties are free to argue for any sentence they deem appropriate based upon the factors set forth in 18 U.S.C § 3553(a). The Defendant reserves the right to request the District Court to sentence him to a below-guideline sentence.** The Government specifically reserves the right to argue for, present testimony, or otherwise support the Probation Office's or the Court's findings as to Offense Level and Criminal History Category (which may be in excess of the calculations set forth herein by the Defendant and the Government). The Defendant understands that the Sentencing Guidelines are advisory only and that the Court has the discretion to sentence the Defendant anywhere up to the statutory maximum sentence after consideration of the Sentencing Guidelines, and the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense(s) and the criminal history and characteristics of the Defendant.

## ADVISORY GUIDELINE CALCULATION:

4. The advisory Guideline calculation for Count 1, Wire Fraud, 18 USC § 1343, is as follows: Group 1:

| | Description | Offense level | U.S.S.G. Section |
|---|---|---|---|
| a. | Base offense level | 7 | §2B1.1(a)(1) |
| b. | Amount of loss ($19,057.62) | +4 | §2B1.1(b)(1) |
| c. | Obstructive conduct | +2 | §3C1.1 |
| d. | Total | 13 | |

5. The advisory Guideline calculation for Tax Evasion, 26 USC § 7201, is as follows:

Group 2:

| | Description | Offense level | U.S.S.G. Section |
|---|---|---|---|
| a. | Tax Loss ($128,719) | 16 | §2T1.1 §2T4.1(F) |
| b. | Obtained $10,000 from criminal activity (TIF fraud) | +2 | §2T1.1 |
| c. | <u>Obstructive conduct</u> | <u>+2</u> | §3C1.1 |
| d. | Total | 20 | |

6. **Mulit Count Grouping:**

| | Description | Offense level | U.S.S.G. Section |
|---|---|---|---|
| a. | Count 1 is Group One<br>Count 2 is Group two | (Level 13)<br>(Level 20) | § 3D1.1(a)(1)<br>§ 3D1.1(a)(2)<br>§ 3D1.3 |
| b. | Total units: 1 ½ units, increase of 1.<br><u>Group 1: 1 unit; Group 2: ½ unit</u> | <u>+1</u> | § 3D1.4(b) |
| c. | Total Offense level | 21 | |

7. **Acceptance of Responsibility:**

| | Description | Offense level | U.S.S.G. Section |
|---|---|---|---|
| d. | Acceptance (Court) | -2 | §3E1.1(a) |
| e. | <u>Acceptance (with motion)</u> | <u>-1</u> | §3E1.1(b) |
| | Final Offense Level | 18 | |

The Government anticipates that by pleading guilty the Defendant will be entitled to a reduction of two levels for demonstrating an acceptance of personal responsibility for his criminal conduct. U.S.S.G. § 3E1.1(a). The Government further anticipates that it will move for an additional one-level reduction as the Defendant has assisted authorities in the investigation and prosecution of his own misconduct by timely notifying the authorities of his intention to plead guilty, thereby

7

permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently. U.S.S.G. § 3E1.1(b). This three-level reduction would reduce the Defendant's Offense Level to 18 (from Offense Level 21). *A reduction for acceptance of responsibility is dependent on the Defendant not committing any acts or taking any position prior to sentencing inconsistent with acceptance of responsibility, including falsely denying relevant conduct or committing any acts constituting obstruction of justice*

8. Defendant and the Government submit that it appears that Defendant has amassed (1) Criminal History point and that, therefore, the Sentencing Guideline Criminal History Category is I, based upon the following criminal history information:

| DATE | OFFENSE & CASE NO. | DISPOSITION | GUIDELINE | SCORE |
|---|---|---|---|---|
| 4/4/13 | Official Misconduct<br>St. Clair Co. 11-CF-138402<br>Class 3 Felony | 1 year conditional discharge, fines and fees | §4A1.1(c) | 1 |

Defendant expressly recognizes that the final guideline calculation will be determined by the Court after considering the Presentence Report, the views of the parties, and any evidence submitted before sentencing. Defendant recognizes that, regardless of the criminal history found by the Court, Defendant will not be able to withdraw the plea of guilty.

9. Based upon restitution owed, the Government will not recommend a fine.

10. Pursuant to the agreement of the parties, as authorized by Title 18, United States Code, Section 3663(a)(3), and as mandated by Title 18, United States Code, Section 3663A(a)(2), the Defendant agrees to pay $19,057 in restitution to:

> The Village of Alorton
> Attention: City Clerk
> 4821 Bond Avenue
> Alorton, Illinois 62207-2529
> (618) 874-7084

8

for receipt of TIF funds that were misapplied. The parties agree that $12,340 that was seized from the Defendant during the execution of a federal search warrant will be applied towards payment of the restitution owed.

11. The Defendant agrees to pay restitution to the Internal Revenue Service in the amount of $128,719 pursuant to 18 U.S.C. § 3663(a)(3). Restitution to the IRS will be forwarded to the following address:

>IRS - RACS
>Attn: Mail Stop 6261, Restitution
>333 W. Pershing Ave.
>Kansas City, MO 64108

Defendant agrees to sign any IRS forms deemed necessary by the IRS to enable the IRS to make an assessment of that portion of the tax and interest agreed to pay as restitution, including IRS Form 8821, "Tax Information Authorization."

12. The Defendant will cooperate fully with the United States Probation Office in its collection of information and preparation of the Presentence Report. Said cooperation will include signing all releases, as requested.

13. The Defendant acknowledges that Title 18, United States Code, Section 3143(a)(1) requires that upon a plea of guilty in this case, the Court must order the Defendant detained pending sentencing, unless the Court finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if admitted to bond, pursuant to 18 U.S.C. § 3142(b) or (c). The Defendant is permitted to argue for bail while pending sentencing. The Government will not oppose continued bail pending sentencing.

**III.**

1. The Defendant understands that by pleading guilty, Defendant is waiving all appellate issues that might have been available if Defendant had exercised the right to trial. The Defendant is fully satisfied with the representation received from defense counsel. The Defendant acknowledges that the Government has provided complete discovery compliance in this case. The Defendant has reviewed the Government's evidence and has discussed the Government's case, possible defenses and defense witnesses with defense counsel.

2. The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through appeal or collateral attack. However, in exchange for the recommendations and concessions made by the United States in this plea agreement, the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence. The Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the Government.

3. Defendant's waiver of his right to appeal or bring collateral challenges shall not apply to: 1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive

by those Courts, and which renders the defendant actually innocent of the charges covered herein, and 2) appeals based upon Sentencing Guideline amendments which are made retroactive by the United States Sentencing Commission (see U.S.S.G. §1B1.10). The Government reserves the right to oppose such claims for relief.

4. Defendant's waiver of his appeal and collateral review rights shall not affect the Government's right to appeal Defendant's sentence pursuant to Title 18, United States Code, Section 3742(b). This is because United States Attorneys lack any right to control appeals by the United States, through plea agreements or otherwise; that right belongs to the Solicitor General. 28 C.F.R. § 0.20(b).

5. Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any Department or Agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

6. Defendant waives all claims under the Hyde Amendment, Title 18, United States Code, Section 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

## IV.

No matters are in dispute.

UNITED STATES OF AMERICA

STEPHEN R. WIGGINTON
United States Attorney

*[signature]* 7-30-13

STEVEN D. WEINHOEFT
Assistant United States Attorneys

**AGREED:**

*[signature]* Date: 7-17-13
HARRY ADAM HALTER, JR.,

*[signature]* Date: 7-24-13
JAMES STERN
Counsel for the Defendant

12